**IN THE UNITED STATES DISTRIC COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ENRIQUE MORAN-UBIETA,<br>      Plaintiff<br><br>vs.<br><br>BAXTER HEALTH CARE DE PUERTO RICO, INC.,<br>LUIS VELEZ,<br>      Defendants | Civil No. 17-         (        )<br><br><br>Re: Discrimination on the Basis of Age<br><br><br>JURY TRIAL REQUESTED |

**COMPLAINT**

**TO THE HONORABLE COURT:**

   **COMES NOW** the plaintiff, Enrique Moran-Ubieta ("Morán-Ubieta"), represented by the undersigned counsel and very respectfully **STATES, ALLEGES** and **PRAYS,** as follows:

## I.   INTRODUCTION

   1.   Plaintiff Enrique Moran-Ubieta brings forth this civil action seeking monetary damages and declaratory relief against Baxter Health Care de Puerto Rico, Inc. ("Baxter"), and Luis Velez ("Velez"), under the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. 621 et seq., and for deprivation of his rights under the laws of the United States of America and laws of the Commonwealth of Puerto Rico, including Puerto Rico Act. No. 100 of June 30 of 1958, as amended, 29 L.P.R.A. sec. 146 et seq., ("Law 100"), "Puerto Rico Unjust Dismissal Act", Law No. 80 of May 30, 1976, as amended, 29 Laws of P.R. Anno. 185 (e), ("Law 80"), and Puerto Rico Act 115, 29 P.R. Laws Ann. 194, ("Law 115") and Articles 1802 and 1803 of the Puerto Rico Civil Code.

1

2. Moran-Ubieta seeks, *inter alia*, back pay, reinstatement and/or front pay, liquidated damages, attorney's fees, and pre-judgment and post-judgment interest as a result of Defendants' age discrimination, wrongful demotion and termination. Injunctive relief for reinstatement and an order to prevent future discrimination is requested.

## II.   JURISDICTION

3. Jurisdiction is invoked under 28 U.S.C. sec. 1331. This civil action is based on a Federal Question arising under the laws of the United States of America.

4. This Action is brought pursuant to the Age Discrimination in Employment Act, as amended, 29 USC 621 et seq.  This Honorable Court has supplemental jurisdiction over the state claims averred hereinafter, insofar as they stem from the same nucleus of operative facts and meet all other jurisdictional requirements.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' actions, referenced herein, took place within the District of Puerto Rico.

## III.   THE PARTIES

6. Moran-Ubieta's address is: El Mirador de Cupey # G-9, 8th Street, San Juan, PR 00926.

7. Baxter is a private corporation organized under the laws of Puerto Rico known for manufacturing of health care products.  It employs more than 100 persons.

8. Luis Velez worked for Baxter and was Moran-Ubieta's immediate supervisor.

## IV.   PROCEDURAL REQUIREMENTS

9. On October 7th, 2016, Moran-Ubieta filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") alleging wrongful and discriminatory

treatment, due to his age. This discrimination charge arose out of the same facts alleged herein. On June 15th, 2017, the EEOC issued a Right to Sue Notice.

### V.   FACTUAL ALLEGATIONS

*First Job: Project Engineer*

10.   In 1982 Moran-Ubieta started working for Baxter, as Project Engineer.

*First Promotion: Engineering Management*

11.   He was later promoted to the Engineering Management position providing direction to the engineering organization of several plants in Puerto Rico, as well as performing project management for large engineering projects in the Island.

*Second Promotion: Director of Engineering at Aibonito Plant*

12.   In 2003 he was named Director of Engineering for the plant located at Aibonito, PR.

*Third Promotion: General Plant Manager at Aibonito Plant*

13.   In 2008, after 5 years as Director of Engineering, Moran-Ubieta was promoted to the General Plant Manager position for Aibonito, running the entire plant of around 1,000 employees, and a $100,000,000.00 value of production, for the next 8 years. During these years, Moran-Ubieta met all the expectation's of the employer with good results.

*Beginning of Discrimination*

14.   In early October 2015, codefendant Velez was hired as Regional Director of Operations, becoming Moran-Ubieta's supervisor, as the Puerto Rico plants reported to him. At this point in time, Moran-Ubieta was 60 and Velez was approximately 45 years old.

15.   Since that time Velez began a plan to displace Moran-Ubieta from his Aibonito Plant General Manager position, to hire in his place, another person substantially younger, and

with less experience. The discrimination started with a clear preference for a younger team, visible through his comments, such as wanting "to make Baxter sexy to attract Mayaguez graduates"; saying he was impressed at the Cartago Costa Rica plant where "young team-members were the ones making the presentations in the plant tour"; joking about a certificate Moran-Ubieta had on his office, of a Baxter Technical Award he was recognized with in the 1980's, saying that it "looks like a museum piece" because the paper had browned with time; or joked about Moran-Ubieta's large "Ironkey" storage device, when in front of a younger employee, he told Moran-Ubieta: "blessed Virgin, Moran-Ubieta, prepare a purchase requisition for a modern one, and I will approve it for you"; or when he said that with the new company, "we want to **refresh** the plant's management organization" at the same time he told Mr. Moran-Ubieta of his plans to replace him as Aibonito's Plant General Manager.

16. Velez first visited the Aibonito facility in mid-November 2015. On his second visit to the facility, on January 8, 2016, in his eagerness to displace Moran-Ubieta, in evident reference to his desire to hire younger people, Velez met with Moran-Ubieta to inform him that with the "changes going on in the company", he was looking "to refresh the organization", and had decided to bring in a "new Plant Manager to substitute him in Aibonito". These comments made Moran-Ubieta feel discriminated because of his age (60).

*First Demotion from General Plant Manager to Regional Engineering Director*

17. As a pretext, to hide the discriminatory action, Moran-Ubieta was informed that he was needed in a Regional Engineering Director position. In March 2016, with no other options offered to him, he was forced to accept this position, even when it was of substantially

lower hierarchy. Even though Moran-Ubieta's salary and benefits remained the same, this new position certainly represented a substantial demotion from General Plant Manager status.

18. Particularly, as General Plant Manager, Moran-Ubieta had the largest office with three windows showing a beautiful view and decorations, while as Regional Engineering Director he was placed in a 6x6 cubicule with no windows in a wharehouse where nobody had any relation to his work. As General Plant Manager, Moran-Ubieta had an executive assistant and a staff of 8 directors, while as Regional Engineering Director, he had no subordinates, or assistants. As General Plant Manager, Moran-Ubieta had a reserved parking space and his car was washed weekly, while as Regional Engineering Director, he had to find a parking space wherever he could and his car was not washed. As General Plant Manager, Moran-Ubieta had constant interaction with other employees, while as Regional Engineering Director he was always alone. Finally, as Regional Engineering Director, Moran-Ubieta had to travel extensively to remote parts of Puerto Rico and to plants in Cuernavaca, Méjico, Cartago, Costa Rica, Cali, Colombia, Santo Domingo, RD, and Sao Paulo, Brasil. As General Plant Manager, he did not have to travel extensively.

19. Mr. Javier Ramis was hired and named Aibonito General Plant Manager, at an estimated age of 35 years, and displaced Moran-Ubieta before Moran-Ubieta had even received a formal offer for the above mentioned Regional Engineering Director position.

20. The new Plant Manager, Mr. Ramis, had interviewed in late 2015 for the Jayuya Plant Manager position, but rejected it because of the remoteness of the plant location. He is around 25 years younger than Moran-Ubieta, and has a similar educational background, but substantially less experience than Moran-Ubieta.

*Second Demotion: Jayuya position*

21.     Less than 5 months into this new job, codefendant Velez set up a conference call on short notice, with Moran-Ubieta's then supervisor, Todd Collis and Moran-Ubieta, to inform Moran-Ubieta of his intention to assign Moran-Ubieta to a recently vacant Engineering management role in the Jayuya plant, the most remote location in PR "effective immediately".[1]

22.     Codefendant Velez began pressuring Moran-Ubieta, telling him that if he did not accept this second demotion he had no budget to fund Moran-Ubieta's current services, hinting a possible dismissal. Apparently, the Regional Engineering Director position was never funded, and used as a temporary disguise to take Plaintiff out of the Aibonito General Plant Manager position and name a younger person to that position.  Codefendants Baxter, and Velez, were forcing Moran-Ubieta to resign.

23.     This would represent a second displacement, to a position of much lower hierarchy, with a lower compensation, and very onerous and unacceptable working conditions.

*Retaliation and Termination*

24.     Due to the discriminatory treatment, on October 7, 2016, Mr. Moran-Ubieta placed a claim with the EEOC. Baxter was notified of the claim on October 12, 2016. From that moment on, the discriminatory behavior intensified, demonstrating Baxter's dislike for the submitted claim.

25.     Moran-Ubieta was notified that if he did not accept the Engineering management role in the Jayuya plant, he would be terminated on November 1st, 2016.  As Moran-Ubieta refused this second demotion, he was terminated on said date. In retaliatory fashion, since the night of October 31st, 2016 when Moran-Ubieta received an email notifying him of his

---

[1] Curiously, the Jayuya position has been occupied by Mr. Efraín Oliveras for several years.

termination (which was an unusual method), Baxter canceled Moran-Ubieta's access to company emails.

26. Also in a discriminatory fashion Baxter did not offer Plaintiff the alternative of consuming his accumulated vacations before termination which meant that he would be able to enjoy a medical insurance for additional months. Plaintiff felt discriminated because during his time at Baxter, terminated employees were always allowed to consume their accumulated vacations along with all the benefits such as medical insurance.

27. In light of the discriminatory and retaliatory actions by Baxter, Moran-Ubieta has suffered and continues to suffer serious damages, currently estimated at no less than $700,000.00, plus attorney's fees.

28. Moran-Ubieta's demotion, and termination, were undermining and denigrating.

29. In support of Moran-Ubieta's more than adequate performance, a few months after his termination, he received the highest performance bonus of his career.

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

*Age Discrimination in Employment Act of 1967*

30. The allegations contained in paragraphs 1 through 29 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiffs.

31. The Age Discrimination in Employment Act ("ADEA") bars discrimination "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C.A. § 623(a)(1).

32. Plaintiff was discriminated when he was:

    a. the subject of several discriminatory comments, or remarks, by his supervisor codefendant Velez relating to his age, in front of his employees,

    b. demoted from the position of General Plant Manager to the position of Regional Engineering Director;

    c. five months later, informed that he was being assigned, effective immediately, to another even less significant position in the Jayuya plant;

    d. terminated because he did not accept the Jayuya position, when he fell within the protected age, over 40, under the ADEA, and;

    e. not allowed to consume his accumulated vacations.

33. Plaintiff was qualified to perform the employment duties at the time of his demotion and termination.

34. Plaintiff's duties are now fulfilled by a younger employee.

35. After Plaintiff filed a claim with the EEOC, Defendants retaliated against him by terminating his employment and by denying him the benefit of consuming accumulated vacations.

36. Therefore, Defendants' conduct constitutes an unlawful employment action pursuant to the ADEA.  Defendants willfully violated the ADEA.

37. As a direct and proximate cause of Defendants' actions, Moran-Ubieta requests $1,000,000.00 in liquidated damages.

## SECOND CAUSE OF ACTION

*Puerto Rico Law 100*

38. The allegations contained in paragraphs 1 through 37 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

39. Puerto Rico Law 100 of June 30, 1959 ("Law 100") prohibits the discharge, suspension, or discrimination of an employee because age, race, color, sex or social or national origin.

40. Defendants' discrimination against Plaintiff because of his age constitutes an unlawful employment conduct pursuant to the Puerto Rico Law 100.

41. The demotion and termination were discriminatory due to age, in violation of the Employment Discrimination Act, Act No. 100 of June 30, 1959, as amended, 29 L.P.R.A. §146 et seq.

42. As result of Defendants' actions, Plaintiff has suffered and continues to suffer great emotional damages estimated at no less than $700,000. He also has suffered and continues to suffer financial damages, estimated in no less than $1,000,000.00. Plaintiff's discriminatory adverse action shattered all his expectations of future professional endeavors and potential earnings, putting at risk his ability to make a living and to adequately support his family.

## THIRD CAUSE OF ACTION

*Puerto Rico Law 80*

43. The allegations contained in paragraphs 1 through 42 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

44. Defendants have unlawfully terminated Plaintiff's employment without just cause, all in violation of the Puerto Rico Unjust Dismissal Act, 29 LPRA §187 et seq. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

45. Plaintiff is entitled to relief under said act.

## FOURTH CAUSE OF ACTION

*Puerto Rico Law 115*

46. The allegations contained in paragraphs 1 through 45 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

47. Defendants dismissed, threatened and discriminated against Plaintiff for offering testimony, or information, as part of an investigation conducted by the EEOC related to the discriminatory practices implemented by Defendants against him. This violates Puerto Rico Law 115, 29 P.R. Laws Ann. 194a.

48. In addition, Defendants denied the Plaintiff the benefit of consuming accumulated vacations and later terminated his employment in retaliation for his EEOC claim.

## VII.   JURY TRIAL

49. Plaintiff hereby invokes his Seventh Amendment Right to a jury trial for all issues so triable.

## VIII.   PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this most Honorable Court enter judgment in his favor, containing the following relief: (a) Ordering declaratory judgment that the actions,

conduct and practices of Defendants complained herein violate the law of the United States and the Commonwealth of Puerto Rico; (b) Ordering an injunction permanently restraining Defendants from engaging in such unlawful conduct; (c) Ordering Defendants to reinstate Plaintiff to his original Plant Manager position in Aibonito; (d) Granting Plaintiff all the sums requested in this Complaint; (e) Imposing upon Defendants the payment of all costs and expenses to be incurred in this lawsuit; (f) Awarding Plaintiff a reasonable amount for attorneys' fees; and (g) Granting Plaintiff such other and further relief as this most Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 28th day of August, 2017.

*s/ Miguel Simonet Sierra*
Miguel Simonet Sierra
USDC-PR 210102
**MONSERRATE SIMONET & GIERBOLINI**
Attorneys for Plaintiffs
101 Ave. San Patricio, Suite 1120
Guaynabo, Puerto Rico 00968-2646
Tel. (787) 620-5300
Fax (787) 620-5305
E-mail: msimonet@msglawpr.com

*S/José R. Olmo-Rodríguez*
José R. Olmo-Rodríguez
USDC-PR 213405
El centro I suite 215, SJ PR 00918
Tel. 787.758.3570/787.758.3802
Email. jrolmo1@gmail.com